## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## FORT LAUDERDALE DIVISION

**PAMELA GIVENS,**

      **Plaintiff,**

        **v.**              **CASE NO.:**

**AMERICAN RENAL MANAGEMENT, LLC, a Florida Limited Liability Company, and MIAMI-ARA, LLC, a Florida Limited Liability Company.**

      **Defendant.**

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff PAMELA GIVENS (hereinafter "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendants AMERICAN RENAL MANAGEMENT, LLC, and MIAMI-ARA, LLC (hereinafter "Defendants"), and in support thereof states the following:

### NATURE OF CASE

This is an action to remedy discrimination pursuant to the provisions of the Americans with Disabilities Act, as amended ("ADAAA") and the Florida Civil Rights Act ("FCRA"), and retaliation under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, et seq. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages,

punitive damages (if permitted to be pled), attorneys' fees and costs, and any other relief to which Plaintiff is entitled including but not limited to equitable relief.

## JURISDICTION & VENUE

1. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331.

2. The Plaintiff's claims arise under the laws of the United States. Venue is proper pursuant to 28 U.S.C. § 1391.

3. Additionally, the events giving rise to this action occurred within this District.

## PARTIES

4. Plaintiff began working for Defendants in January 2002.

5. While Plaintiff was employed, Defendants were located in Miami-Dade, County, Florida.

6. Defendant, AMERICAN RENAL MANAGEMENT, LLC, is a Florida limited liability company providing kidney dialysis services, in locations including but not limited to the site where Plaintiff was employed.

7. Defendant, MIAMI-ARA, LLC, is a Florida limited liability company providing kidney dialysis services, in locations including, but not limited to, the site where Plaintiff was employed.

8.      Defendant, AMERICAN RENAL MANAGEMENT, LLC, employs more than fifty (50) employees.

9.      Defendant, MIAMI-ARA, LLC, employs more than fifty (50) employees.

10.      Defendant, AMERICAN RENAL MANAGEMENT, LLC, employs more than fifty (50) employees within seventy-five (75) miles of Orlando, Florida.

11.      Defendant, MIAMI-ARA, LLC, employs more than fifty (50) employees within seventy-five (75) miles of Orlando, Florida.

12.      Plaintiff was an "employee" as defined by the FMLA.

13.      Defendant, AMERICAN RENAL MANAGEMENT, LLC, is an "employer" as defined by the FMLA.

14.      Defendant, MIAMI-ARA, LLC, is an "employer" as defined by the FMLA.

15.      Plaintiff was an "employee" as defined by the ADAAA.

16.      Defendant, AMERICAN RENAL MANAGEMENT, LLC, is an "employer" as defined by the ADAAA.

17.      Defendant, MIAMI-ARA, LLC, is an "employer" as defined by the ADAAA.

18.      Plaintiff was an "employee" as defined by the FCRA.

19.     Defendant, AMERICAN RENAL MANAGEMENT, LLC, is an "employer" as defined by the FCRA.

20.     Defendant, MIAMI-ARA, LLC., is an "employer" as defined by the FCRA.

## ADAAA STATUTORY PREREQUISITES

21.     At all times material hereto, Plaintiff suffered from depression and anxiety, disabling medical conditions under the ADAAA.

22.     Defendants discriminated against Plaintiff based on her disability.

23.     Plaintiff is a member of a class of individuals protected by the ADAAA.

24.     Defendants meet the statutory criteria for coverage as "employers" under the ADAAA.

25.     Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

26.     At all times material to the allegations herein, Plaintiff was qualified for her Dialysis Technician position with Defendants.

27.     Plaintiff timely filed her Charge of Discrimination with the EEOC on or around July 9, 2021.

28.     The EEOC issued a Dismissal and Notice of Rights on August 29, 2022.

29.     Therefore, the initial Complaint in this action is being filed within

4

90 days of Plaintiff receiving her right-to-sue letter.

30.     Plaintiff has complied with all other ADAAA requirements and all prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONS

31.     Defendants hired Plaintiff in January 2002 where she worked as a Dialysis Technician.

32.     Defendants' services include discharge coordination, inpatient hemodialysis, and outpatient rehabilitation.

33.     When Defendants hired Plaintiff, American Renal Associates Holding, Inc. (ARA), (an affiliate of American Renal Management, LLC (ARM), as part of ARA's majority interest in Miami-ARA, LLC (Miami-ARA)) owned the dialysis clinic.

34.     Fresenius Medical Care (FMC) purchased the dialysis clinic on October 1, 2020.

35.     Miami-ARA is now indirectly majority-owned by FMC.

36.     On January 25, 2021, the companies entered into a Transition Services Agreement.

37.     Amid the companies' transition, Plaintiff's work relationship with Nurse Administrator, David St. John, became increasingly problematic.

38.     St. John worked in a supervisory capacity for Defendant and managed Plaintiff.

5

39.     During the months leading up to Defendants' buyout, St. John began an inappropriate relationship with an individual he managed.

40.     The fallout from St. John's relationship caused Plaintiff's work environment to become hostile, toxic, and insufferable.

41.      St. John's relationship with the employee also negatively impacted several of Defendants' staff members.

42.     In the latter months of 2020, Plaintiff and several other members of Defendant's staff called the Corporate Compliance Hotline to discuss St. John's behavior and the effect it had on day-to-day business operations.

43.     Plaintiff also sought free counseling via Defendants' Employee Assistance Hotline to discuss the ongoings in the work environment.

44.     Plaintiff experienced challenges with mental disability. Specifically, she suffered from depression and anxiety.

45.     Defendants' work environment was a major contributing factor of Plaintiff's mental disabilities.

46.     With her mental health suffering, in February 2021, Plaintiff requested and Defendants approved Plaintiff's FMLA leave.

47.     Plaintiff's FMLA leave was approved from February 12, 2021, through April 14, 2021.

48.     However, Plaintiff extended her FMLA leave and was scheduled to return to work on May 3, 2021.

49.   Defendants' ownership transition concluded while Plaintiff completed her FMLA leave.

50.   Under the Agreement, the employees of the dialysis clinics remained employees of ARM only during the "Employee Transition Period" (ETP).

51.   The last day of the ETP was March 28, 2021.

52.   All employees not on leave became employees of FMC on the following day, March 29, 2021.

53.   Plaintiff returned to work on May 3, 2021.

54.   Plaintiff' clocked in at or around 5:30a.m., and Charge Nurse, Andre Smalls, checked her in that morning.

55.   Later that day, St. John called Plaintiff and inquired whether Plaintiff had been medically cleared to return to work.

56.   Plaintiff provided clearance documentation from her treating psychiatrist, Dr. Holly Nicewicz, DO.

57.   The documentation affirmed that Plaintiff was under Dr. Nicewicz care at Total Mental Wellness and Plaintiff was able to return to work without restrictions.

58.   Later that day, Defendants notified Plaintiff via email that she had been terminated as of May 3, 2021. A specific reason was not provided.

59.   At or around 12:30p.m. Defendants sent Plaintiff home.

7

60.     Plaintiff's coworkers, Lovely Bien-Amie and Lisa ("last name unknown" LNU) took FMLA leave at or around the same time as Plaintiff.

61.     Both Lovely Bien-Amie and Lisa (LNU) retained their employment with the FMC.

62.     At all times material, Plaintiff was praised for the consistent accuracy of her work product and performed well while working for Defendants.

63.     Defendants employed Plaintiff for more than one (1) calendar year.

64.     In one calendar year, Plaintiff worked at least 1,250 hours for Defendants.

65.     At all times material, Plaintiff suffered from a serious medical condition.

66.     Plaintiff's medical condition was also an ADAAA qualifying disability.

67.     Defendants were aware that Plaintiff had timely and properly requested FMLA for her own medical condition.

68.     Defendants were aware that Plaintiff's treating physician had submitted the necessary documentation for Defendants to process Plaintiff's request for FMLA leave.

69.     Plaintiff was eligible for FMLA leave for her own medical condition.

8

70.     Defendants did not properly advise Plaintiff of her rights under the FMLA.

71.     Prior to needing FMLA leave for her own medical condition, Plaintiff had no recent performance or discipline related issues while working for the Defendants.

72.     Accordingly, Defendants' actions are *direct* evidence of bias against Plaintiff for utilizing her FMLA rights.

73.     Defendants retaliated against Plaintiff for attempting to engage in her rights under the FMLA.

74.     Defendants also discriminated against Plaintiff because of her ADAAA qualifying disability.

**COUNT I**
**DISCRIMINATION UNDER THE ADAAA**

75.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 15-17; 21-46; 53-59; 65 above as if fully set forth herein and further states:

76.     Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

77.     Defendants discriminated against Plaintiff due to her disability in violation of Federal law.

78.     Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

79.     Defendants denied Plaintiff a reasonable accommodation as required by Federal law.

80.     Plaintiff is protected by the ADAAA:

   a.      Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendants; and

   b.      Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

81.     Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

82.     Plaintiff's medical conditions are protected disabilities under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

83.     Defendants' actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

84.     By reason of the foregoing, Defendants' actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

85.     Alternatively, Defendants perceived Plaintiff as being "disabled,"

10

and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

86.   Defendants do not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

87.   Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is a member of a protected class as envisioned by the ADAAA.

88.   Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

89.   Defendants' acts, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

90.   The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

91.   Defendants', their agents', and employees' conduct proximately, directly, and foreseeably injured Plaintiff, which entitles her to damages including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mentalanguish, loss of enjoyment of life, and other non-pecuniary losses.

92.   Defendants' conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an

11

award of punitive damages against Defendants to deter them, and others, from such conduct in the future.

93.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

    a.    Back pay and benefits;

    b.    Interest on back pay and benefits;

    c.    Front pay and benefits;

    d.    Compensatory damages for emotional pain and suffering;

    e.    Injunctive relief;

    f.    Prejudgment interest;

    g.    Costs and attorney's fees; and

    h.    Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

94.     Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 15-17; 21-46; 53-59; 65 above as if fully set forth herein and further states:

95.     Plaintiff suffers from disabling medical conditions pursuant to the ADAAA.

96.     Defendants discriminated against Plaintiff due to her disabilities in violation of Federal law.

97.     Defendants retaliated against Plaintiff due to her disabilities in violation of Federal law.

98.     Defendants failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendants.

99.     Defendants denied Plaintiff a reasonable accommodation as required by Federal law.

100.    Defendants terminated Plaintiff because she requested a reasonable accommodation due to her disability.

101.    Defendants terminated Plaintiff in violation of the ADAAA.

102.    Plaintiff is protected by the ADAAA:

   a.    Plaintiff was disabled or an employee "perceived as disabled" who suffered discrimination because of her disability or "perceived disability" by Defendants; and

   b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

103.    Defendants were at all material times an "employer" as envisioned and defined by the ADAAA.

104.    Plaintiff's medical conditions are protected disabilities under the

ADAAA, as amended. *See* 42 U.S.C. § 12102.

105.   Defendants' actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

106.   By reason of the foregoing, Defendants' actions and non-actions, affected the "terms, conditions, or privileges" of Plaintiff's employment as envisioned by the ADAAA.

107.   Alternatively, Defendants perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

108.   Defendants do not have a non-discriminatory rationale for terminating Plaintiff.

109.   Plaintiff was a disabled individual or otherwise perceived as disabled by Defendants, during her employment. Therefore, she is a member of a protected class as envisioned by the ADAAA.

110.   Defendants' acts, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

111.   The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

112.   Defendants' conduct, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, which entitles her to damages, including, but not limited to, lost wages and benefits, future pecuniary losses,

emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

113.   Defendants' conduct was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendants to deter them, and others, from such conduct in the future.

114.   Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief  allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest;

g.   Costs and attorney's fees; and

h.   Such other relief as the Court may deem just and proper.

## COUNT III
## DISABILITY DISCRIMINATION IN VIOLATION OF THE FCRA

115.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 18-20; 31-45; 53-59; 65 above as if fully set forth herein and further states:

116.   Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

117.   Plaintiff is a member of a protected class because she suffers from a handicap.

118.   At all material times, Plaintiff was qualified to perform her job duties.

119.   Plaintiff was treated less favorable than similarly situated non-handicapped employees.

120.   Defendants discriminated against Plaintiff because of her handicap.

121.   Plaintiff was also subjected to the adverse employment action of having her hours reduced and being terminated.

122.   Defendants' acts, by and through their agents and employees, violated Plaintiff's rights against discrimination under the FCRA because they treated Plaintiff less favorably because of her handicap.

123.   Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

124. Defendants', its agents', and employees' conduct proximately, directly, and foreseeably injured Plaintiff, which entitles her to damages, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

125. Defendants' conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

126. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

127. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF THE FCRA**

128.    Plaintiff re-alleges and adopts the allegations of paragraphs 1-7; 18-20; 31-45; 53-59; 65 above as if fully set forth herein and further states:

129.    Plaintiff brings this cause of action pursuant to Section 760.07, F.S.

130.    Plaintiff is a member of a protected class because she suffers from a handicap.

131.    At all material times, Plaintiff was qualified to perform her job duties.

132.    Plaintiff was subjected to the adverse employment action of having her hours reduced and being terminated.

133.    Defendants retaliated against Plaintiff for requesting reasonable accommodations due to her handicap.

134.    Defendants' acts, by and through their agents and employees, violated Plaintiff's rights against retaliation under the FCRA because they treated Plaintiff less favorably because of her handicap.

135. Defendants do not have a legitimate, non-discriminatory reason for firing Plaintiff.

136. Defendants', their agents' and employees' conduct, proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

137. Defendants' conduct was so willful and wanton, and in such reckless disregard of Plaintiff's statutory rights, as to entitle her to an award of punitive damages against Defendants, to deter Defendants, and others, from such conduct in the future.

138. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the FCRA.

139. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

**COUNT V**
**RETALIATION UNDER THE FMLA**

140.   Plaintiff re-alleges and adopts the allegations of paragraphs 1-14; 31-74 above as if fully set forth herein and further states:

141.   Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

142.   Defendants were Plaintiff's employer as defined by the FMLA.

143.   Defendants discriminated and retaliated against Plaintiff because Defendants knew she was eligible for leave under the FMLA.

144.   Defendants discriminated and retaliated against Plaintiff because Plaintiff exercised her rights under the FMLA.

145.   Defendants had actual or constructive knowledge of the discriminatory/retaliatory conduct of its representative(s).

146.   Defendants' acts and omissions negatively affected one or more terms, conditions, and/or privileges of Plaintiff's employment.

147. Defendants' discriminatory and retaliatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

148. Defendants' conduct violated Plaintiff's right to be free from discrimination and retaliation as guaranteed by the FMLA.

149. As a direct, natural, proximate, and foreseeable result of Defendants actions, Plaintiff suffered injuries for which she is entitled to compensation, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

150. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendants, which have caused and continue to cause irreparable harm.

151. Defendants' violations of the FMLA were willful.

152. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.     Back pay and benefits;

b.     Interest on back pay and benefits;

c.     Front pay and benefits;

21

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 21st day of November, 2022.

Respectfully submitted,

> ***s/Julien W. Maynard***
> Anthony Hall, Esq.
> FL Bar No.: 40924
> Julien W. Maynard, Esq. – LEAD
> COUNSEL
> FL Bar No.: 1035332
> THE LEACH FIRM, P.A.
> 631 S. Orlando Avenue, Suite 300
> Winter Park, Florida 32789
> Telephone: (407) 574-4999
> Facsimile: (833) 523-5864
> Email: ahall@theleachfirm.com
> Email: jmaynard@theleachfirm.com
> Email: yhernandez@theleachfirm.com
> ***Attorneys for Plaintiff***